[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14718
Non-Argument Calendar
_____

D.C. Docket No. 0:15-cr-60045-WJZ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRANDI MARY JANICE STROMAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 14, 2016)

Before HULL, MARCUS, and ANDERSON, Circuit Judges.

PER CURIAM:

Defendant-Appellant Brandi Mary Janice Stroman, a federal inmate, appeals from the final judgment and commitment order entered by the United States District Court for the Southern District of Florida on October 14, 2015. During sentencing, the district court applied a three-level enhancement to Stroman's base offense level pursuant to U.S.S.G. §3B1.1(b) for her aggravating role in the offense. On appeal, Stroman argues that the district court committed clear error in applying the three-level §3B1.1(b) enhancement. Stroman further claims that the district court committed clear error in declining to grant a reduction in Stroman's base offense level based on her minor role in the offense pursuant to §3B1.2(b). Upon careful review of the record and the briefs, we affirm.

The Federal Sentencing Guidelines provides that a sentencing judge may increase the offense level based on the defendant's aggravating role in the offense as follows:

> Based on the defendant's role in the offense, increase the offense level as follows:
>
> (a) If the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive, increase by 4 levels.
>
> (b) If the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive, increase by 3 levels.

2

(c) If the defendant was an organizer, leader, manager, or supervisor in any criminal activity other than described in (a) or (b), increase by 2 levels.

U.S.S.G. §3B1.1.   As indicated by the text of the Sentencing Guidelines, to qualify for a three-level enhancement pursuant to §3B1.1(b), the court must find that (1) the defendant was "a manager or supervisor (but not an organizer or leader); and (2) the criminal activity involved five or more participants "or was otherwise extensive."

Application Note 2 clarifies the type of leadership role a defendant must play in a conspiracy to warrant an enhancement:

> To qualify for an adjustment under this section, the defendant must have been the organizer, leader, manager, or supervisor of one or more other participants. An upward departure may be warranted, however, in the case of a defendant who did not organize, lead, manage, or supervise another participant, but who nevertheless exercised management responsibility over the property, assets, or activities of a criminal organization.

Id. § 3B1.1(c), cmt. n.2.

Application Note 4 lists a number of factors for the district court to consider in determining the extent of the defendant's aggravating role, including the following:

> [T]he exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation

3

in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.

Id. §3B1.1(c), cmt. n.4.

The Federal Sentencing Guidelines provides that a sentencing judge may decrease the base offense level based on the defendant's mitigating role in the offense as follows:

> Based on the defendant's role in the offense, decrease the offense level as follows:
>
> (a) If the defendant was a minimal participant in any criminal activity, decrease by 4 levels.
>
> (b) If the defendant was a minor participant in any criminal activity, decrease by 2 levels.
>
> In cases falling between (a) and (b), decrease by 3 levels.

§3B1.2. In determining whether a defendant's role was "minor," a district court considers two principles. "First and foremost, the district court must measure the defendant's role against the relevant conduct for which she has been held accountable." United States v. Rodriguez De Varon, 175 F.3d 930, 940 (11th Cir. 1999) (en banc). "In other words, the district court must assess whether the defendant is a minor or minimal participant in relation to the relevant conduct attributed to the defendant in calculating her base offense level." Id. at 941. "Only if the defendant can establish that she played a relatively minor role in the conduct for which she has already been held accountable – not a minor role in any larger

4

criminal conspiracy – should the district court grant a downward adjustment for minor role in the offense." Id. at 944. Second, "the district court may also measure the defendant's culpability in comparison to that of other participants in the relevant conduct." Id. However, "[r]elative culpability does not end the inquiry." Id. "The fact that a defendant's role may be less than that of other participants engaged in the relevant conduct may not be dispositive of role in the offense, since it is possible that none are minor or minimal participants." Id. "Rather, the district court must determine that the defendant was less culpable than *most other participants* in her relevant conduct." Id.

In the instant case, Stroman pled guilty to four counts related to her admitted involvement in a conspiracy involving the use of stolen personal identity information to obtain and deposit fraudulent tax receipts in the bank accounts of herself and her various co-conspirators.  At sentencing, the district court found by a preponderance of evidence that Stroman was "a manager or supervisor" because she "specifically directed other codefendants to withdraw funds and to meet with her thereafter." DE 223:41. The district court also found by a preponderance of evidence that Stroman's criminal activity "was otherwise extensive" because Stroman filed at least 27 fraudulent tax returns with the Internal Revenue Service, which resulted in 14 fraudulent refunds being deposited into the accounts of Stroman or her codefendants. DE 223:40-41. The district court then determined

5

that Stroman was not entitled to a mitigating role downward departure because "Stroman was a major participant in th[e] scheme." DE 223:41. The district court further stated that "[t]he very fact that she might have been less culpable than [codefendant] Mr. Bryant is not an indication that she was not otherwise a major participant in this scheme." DE 223:41.

We review the district court's application of the Sentencing Guidelines *de novo* and its factual findings for clear error. United States v. Lee, 427 F.3d 881, 892 (11th Cir. 2005).

On appeal, Stroman argues that the district court clearly erred in applying a three-level increase to the base offense level pursuant to §3B1.1(b) for her aggravating role. Specifically, she argues that she was not a "manager or supervisor" and that the "otherwise extensive" prong of §3B1.1(b) was not met. Stroman further argues that the district court clearly erred in declining to apply a two-level decrease in her base offense level based on her "minor" role in the offense pursuant to §3B1.2(b).

First, Stroman claims that that the district court clearly erred in finding that she was a "manager or supervisor" for the purposes of the §3B1.1(b) enhancement because, according to Stroman, she "simply followed the instructions" of codefendant Michael Bryant, whom she refers to as the "mastermind" of the criminal conspiracy. We disagree. Stroman's own factual proffer supports the

6

district court's finding that Stroman specifically directed other codefendants in the tax fraud conspiracy. See, e.g., DE 116:2 ("[T]he defendant obtained the bank account information of co-defendants . . . . The defendant then provided the account information to the target, and the target filed the false returns, generating fraudulent refunds, and using the bank account information of the co-defendants to receive the refunds. After the money was deposited into the accounts, the defendant then contacted the co-defendants, and directed them to withdraw the funds.").

Second, Stroman claims that the "otherwise extensive" prong of §3B1.1(b) was not met because, unlike Bryant, she was not responsible for "directly procuring the [personal identity information] in the conspiracy." Indeed, Stroman has consistently argued that the "otherwise extensive" prong of §3B1.1(b) is not met because Stroman's participation was less severe than Bryant's participation. For instance, at the sentencing hearing, Stroman's counsel and the court engaged in the following colloquy:

> THE COURT:    So tell me why this criminal activity that involved Ms. Stroman was not otherwise extensive.
>
> MR SAMMS:    Well, because, Judge, I think her involvement was not otherwise extensive. I think the "otherwise extensive" would apply to Michael Bryant, in other words, or the people that actually got the personal identifiers. She never got any personal identifiers from anyone. She was provided that by Michael Bryant. Michael Bryant is the one that contacted the female that

7

worked at the healthy agency, and they worked out a way to actually go into the computers and get all those personal identifiers. That is otherwise extensive, those kinds of activities where you're going beyond just the normal cashing of checks. You're going beyond.

You're otherwise extensive when you have a way of getting the personal information. You are otherwise extensive when you have a way of manipulating the computer system to get those identifiers. You are extensive when you can get someone who was involved in the healthcare industry to give you the code to break into the -- through the computers and get those personal identifiers. That is otherwise extensive.

Ms. Stroman took a check and put it in her account. That's not otherwise extensive. And so that is why I don't think that position also applies to her as well.

DE 223:10-11.

Stroman's argument both below and on appeal appears to assume that the term "otherwise extensive" in §3B1.1(b) refers to the relative degree or amount of a defendant's participation in a criminal conspiracy vis-à-vis other codefendants. It does not. The plain text of §3B1.1(b) indicates that the subject modified by the adjectival phrase "otherwise extensive" is not the relative degree or amount of involvement vis-à-vis other codefendants but rather the quality of the "criminal activity" itself. Thus, the prong is satisfied if "the criminal activity involved five or more participants or was otherwise extensive." U.S.S.G. §3B1.1(b). The phrase "other extensive," accordingly, refers to "other" ways—besides the number of participants—that "criminal activity" may be considered "extensive." Although

8

Stroman argues that her involvement was less extensive than Bryant's involvement, she fails to advance any argument that the criminal activity at issue in the instant case was not "otherwise extensive." Accordingly, we conclude that the district court did not clearly err in applying a three-level sentencing enhancement pursuant to §3B1.1(b).

Finally, Stroman argues that she was entitled to a two-level decrease in her base offense level based on her "minor" role in the offense pursuant to §3B1.2(b). Specifically, she argues that she is entitled to the reduction because her role in the tax return fraud scheme relatively minor as compared to codefendant Michael Bryant, whom she characterizes as an "elite crime lord." Appellant's Br. at 14. We disagree. First, Stroman fails to satisfy the first prong of the De Varon test because she nowhere argues that her participation in the scheme was minor "in relation to the relevant conduct attributed to the defendant in calculating her base offense level." See Rodriguez De Varon, 175 F.3d at 940–44. Second, Stroman fails to satisfy the second prong of the De Varon test because she has not satisfied her burden of showing that she was "less culpable than *most other participants* in her relevant conduct." Id. at 944. Although Stroman's participation in the scheme may have been less severe than codefendant Bryant's participation, about which we express no opinion, such a fact would be insufficient to entitle Stroman to a minor

9

role reduction. Accordingly, we conclude that the district court did not clearly err in denying Stroman's request for a minor role reduction pursuant to §3B1.2(b).

For the foregoing reasons, the judgment of the district court is affirmed.

AFFIRMED.